# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV22

| | |
|---|---|
| LEONARD A. BOYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion for an entry of judgment reversing the Commissioner's decision and remanding for further proceedings. The Plaintiff, who appears *pro se*, objects.

The Court has reviewed the extensive transcript filed in this matter and finds that further proceedings would not be beneficial. In January 2003, the Administrative Law Judge (ALJ) issued a decision which was fully favorable to the Plaintiff, finding that he had been continuously disabled since December 1982 and, in the alternative, that any overpayment requirement should be waived. She also found the amount of overpayment was not $57,000 but $51,389. Despite the well-reasoned and thorough decision of the ALJ which

was completely in the Plaintiff's favor, he appealed to the Appeals Council, most likely because the ALJ discussed the Plaintiff's mental impairments. In November 2004, the Appeals Council found that the overpayment should not be waived, thus, obligating the Plaintiff, whom all parties now acknowledge is disabled from any work, to repay over $51,000.

Within the context of the ALJ's decision, she took great effort to recount the 20-year history of the Plaintiff's experience with the Social Security Administration. The ALJ also quite appropriately noted the lack of diligence and thoroughness on the part of that agency. The Plaintiff objects to remanding the case to the agency, complaining that this matter has gone on far too long as it is. It does bear noting that the Plaintiff was initially successful and brought on this result by virtue of his appeal to the Appeals Council. Nonetheless, like the ALJ, the Court has found from the filings the Plaintiff has made in this Court that his mental impairment most likely impaired his judgment.

The Court does not find this matter should be remanded. As a result, the Defendant will be given an opportunity to either respond to the Plaintiff's motion for summary judgment or advise the Court whether it will consent to a

reversal of the Appeals Council decision and reinstatement of the decision of the ALJ.

**IT IS, THEREFORE, ORDERED** that the Defendant shall respond on or before November 30, 2005, by filing a written response with service on the Plaintiff, as directed above.

**Signed: November 14, 2005**

*[signature]*

Lacy H. Thornburg
United States District Judge