# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:05CV22

| | |
|---|---|
| LEONARD A. BOYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* motion for summary judgment. The Defendant has responded by requesting a remand for a new hearing. For the reasons stated herein, the undersigned declines to remand this matter.

### I. PROCEDURAL HISTORY

In April 1991, an Administrative Law Judge (ALJ) found the Plaintiff had been disabled since December 14, 1982, as a result of severe mental and physical impairments which prevented him from performing even

sedentary labor.[1]  **Transcript of Proceedings, filed March 30, 2005, at 54-56.**  As part of a continuing disability review in the fall of 2000, the Plaintiff reported a series of work efforts, a report which prompted an investigation.  ***Id.*, at 69, 498-500, 502-08.**  In February 2001, the agency determined that due to his work efforts the Plaintiff was no longer under a disability and found that his disability had ended in January 1993.  ***Id.*, at 72, 531.**  As a result of this finding, the agency also found in May 2001 that the Plaintiff had been overpaid a total of $56,616.20 in social security benefits.  ***Id.*, at 669.**  The Plaintiff then initiated action to preclude the collection of the overpaid amount and requested a waiver on the ground that he was not at fault.  ***Id.*, at 670, 650-51.**  A copy of this request is not in the record and the characterization of this action stems from the language of a document sent to the Plaintiff from the Social Security Administration.  ***Id.*, at 670.**  When the agency determined that the overpayments should be collected and refused any waiver, the Plaintiff requested a hearing.  ***Id.*, at 75-78, 699.**

---

[1] The ALJ found, in addition to physical impairments, that the Plaintiff had "chronic paranoid delusional disorder [and] mixed personality disorder" which rendered the performance of even sedentary labor impossible. **Transcript of Proceedings, filed March 30, 2005, at 54-56.**

In the meantime, the Plaintiff had also challenged the Administration's 2001 decision to cease his disability benefits effective retroactively to 1992. *Id., at 24.* In June 2001, he made another application for a renewed period of disability and he was found disabled again as of February 2001. *Id., at 160, 24.* The ALJ handling the issue of whether the cessation of his benefits was proper consolidated the overpayment issue and determined both issues together. *Id., at 24 ("The issue before me arises from the claimant's Request for Hearing dated February 14, 2001, in which he challenges the cessation of his benefits. . . . In a separate action, the claimant has requested a waiver of [his] overpayment. . . . [T]he waiver action has been escalated to the hearing level[] and will be addressed in this decision.").* After a hearing on both matters in September 2002, the ALJ issued her decision finding that the Plaintiff had been continuously disabled since December 14, 1982, with no break in disability. *Id., at 48-49.* Thus, there was no justification to support the determination that he had been overpaid benefits. *Id.* As an alternative ruling, the ALJ found that the Plaintiff erroneously received benefits from January 1993 through February 2001 resulting in an overpayment. *Id.* However, she found the Plaintiff

was without fault in causing the overpayment, primarily because of his mental incapacity. *Id.*, **at 47.**

Perhaps most indicative of the Plaintiff's mental difficulties, he appealed this entirely favorable decision to the Appeals Council. *Id.*, **at 10-18.** On August 17, 2003, the Appeals Council notified the Plaintiff that it

> intends to adopt the finding of the [ALJ] that you are without fault in incurring the overpayment of $54,598.20 in disability insurance benefits for January 1993 through February 2001 due to your performance of substantial gainful activity. The Appeals Council further intends to find, however, that recovery of the overpayment would neither defeat the purpose of Title II of the Social Security Act absent evidence that recovery of the overpayment would cause hardship, nor be against equity and good conscience as defined in 20 C.F.R. 404.509.
> . . .
> The sole issues which gave rise to your right to a hearing under 20 C.F.R. 404.930 were "fault" and waiver of the recovery of the aforementioned overpayment. Thus, the [ALJ] had no authority to consider and decide which months in your period of disability commencing December 14, 1982 constituted your trial work period . . ., whether and when your period of disability which began December 14, 1982 ceased and whether such cessation was due to medical improvement or performance of substantial gainful activity. Moreover, the [ALJ] had no basis to reopen the hearing decision issued April 22, 1991, which is, in fact, final and binding, because Acquiescence Ruling 90-4(4) . . . is inapplicable in your case because you did not fail to pursue administrative review of the determinations which led to the hearing decision and even requested review of that decision.

*Id.,* **at 702.** On November 26, 2004, the Appeals Council entered a final decision. *Id.,* **at 6-9.** Sixty days after receipt of the notice, the Plaintiff initiated this action.

## II.  DISCUSSION

The Defendant claims that the issue of whether the Plaintiff's benefits were improperly ceased has never received a final agency determination. The Defendant acknowledges that the issue was properly before the ALJ and that she rendered a decision on that issue.  However, the Defendant claims that because the Appeals Council did not address that issue, no final agency determination has been rendered.  And, the Defendant characterizes the Appeals Council's decision as having "vacated" the ALJ's decision.  However, at no point in the decision does the Appeals Council vacate the ALJ's decision.  **20 C.F.R. § 404.901 ("*Vacate* means to set aside a previous action.").**

On February 14, 2001, the Social Security Administration notified the Plaintiff that his benefits ceased effective January 1993.  **Transcript, at 519.**  In that notice, the Administration advised him that "If you disagree with this decision, *you have the right to request a hearing.*"  *Id.,* **at 521**

**(emphasis added).** In contrast to this advice, the Appeals Council concluded that the Plaintiff did not have a right to a hearing on any issue except the issues of fault and waiver. ***Id.*, at 6.** Thus, it determined that the ALJ had no authority to consider the issue of whether the Plaintiff's benefits had been improperly ceased. ***Id.***

In addition to the fact that the Administration advised the Plaintiff that he had a right to a hearing on the issue of the cessation of his benefits, the Defendant now concedes that issue was properly before the ALJ. **Defendant's Response to Plaintiff's Motion for Summary Judgment, filed November 28, 2005, at 6-7 ("It appears from a review of the administrative proceedings, noted above, that the cessation issue was properly before the ALJ, but that does not change the fact that the Appeals Council did not render a decision on that issue.").** Nonetheless, the Defendant concludes that because the Appeals Council did not reach that issue, there is no final agency action and this Court, in effect, has no jurisdiction over the issue.

The Defendant having conceded the issue, the undersigned finds that the Plaintiff had a right to a hearing before an ALJ on the issue of the cessation of his benefits. ***See, e.g.,* 20 C.F.R. §§ 404.930, 404.952;** ***Hoke***

*v. Chater*, **74 F.3d 1231 (table), 1996 WL 13846 (4th Cir. 1996).** Indeed, the Plaintiff received a hearing from the ALJ, as acknowledged by the Defendant, and received a decision from the ALJ on that issue, again acknowledged by the Defendant as proper. The Appeals Council, however, in determining that the issue was not properly before the ALJ, in essence, denied review of the issue. Thus, the decision of the ALJ became the final decision.

This conclusion is supported by the Supreme Court precedent of *Sims v. Apfel*, 530 U.S. 103 (2000), in which the Court found that a social security claimant who failed to list every issue as to which she sought review before the Appeals Council was not precluded from appealing the issue in federal court.

> The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain review of such decision by a civil action" in federal district court. But the Act does not define "final decision," instead leaving it to the SSA to give meaning to that term through regulations. SSA regulations provide that , if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision. If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases.
> 
> . . .

> The Commissioner rightly concedes that petitioner exhausted administrative remedies by requesting review by the Council. . . . Nevertheless, the Commissioner contends that we should require issue exhaustion in addition to exhaustion of remedies. That is, he contends that a Social Security claimant, to obtain judicial review of an issue, not only must obtain a final decision on his claim for benefits, but also must specify that issue in his request for review by the Council.

**Id., at 106-07 (internal citations omitted).** The Court concluded that the "question is whether a claimant pursuing judicial review has waived any issues that he did not include in [the] request [for review before the Appeals Council]. We hold that he has not." **Id., at 105.**

In this case, the Plaintiff included the issue of cessation in his request for review; however, the Appeals Council denied review. It would be manifestly unfair to allow the Appeals Council to create a black hole through which the Plaintiff's right to review disappears simply by pronouncing, and wrongly so, that the ALJ should not have entertained an issue. In fact, such an issue was considered in *Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001). "[J]udicial review tests all evidence submitted to the ALJ *and* to the Appeals Council, even if the latter declines to review the ALJ decision." **Id., at 4 n.2 (citing Wilkins v. Sec'y of HHS, 953 F.2d 93, 96 (4th Cir. 1991)).**

> [W]e reject the other half of the Commissioner's position, namely, that we may not review the Appeals Council even where it has given a mistaken reason for refusing further review. The statute permits review of "the final decision of the Commissioner" without specifying components; the Commissioner relies heavily on his regulation saying that, where review is denied, the ALJ's decision becomes that of the Commissioner. It is very doubtful that this regulation was intended to do more than define the end of the administrative process, and we decline to read it as determining which administrative determinations made along the way are subject to judicial review. . . . [A]n Appeals Council's refusal to review the ALJ may be reviewable where it gives an egregiously mistaken ground for this action.

***Id.*, at 4-5 (internal citations omitted).**

> In sum, the statute provides that a claimant may obtain review of "any final decision of the Commissioner of Social Security." Because the statute does not define "final decision of the Commissioner of Social Security," we must look to the regulations. The regulations do not explicitly define the term. We extrapolate from the words of the regulation, however, that "final decision[]" includes the Appeals Council's denial of a request for review because the regulations provide that the Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review.

***Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (quoting 42 U.S.C. § 405(g)).** The undersigned, therefore, concludes, contrary to the position taken by the Defendant, that the issue of the cessation of the Plaintiff's benefits is properly before this Court both because the Appeals

Council was egregiously mistaken and because its refusal to review that issue rendered the ALJ's decision final.

The Government has not addressed the ALJ's decision that it was improper to cease the Plaintiff's disability and that he was continually disabled from 1992 through the date of that decision. The Plaintiff moved for summary judgment and the Government was provided an opportunity to respond to that motion. The Government's response did not address the issue of cessation of benefits. Because it did not, the undersigned finds that the ALJ's decision that the Plaintiff's disability benefits should not have been ceased due to continuous disability should be affirmed.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for summary judgment is hereby **GRANTED in part and DENIED in part**, as reflected by the Judgment filed herewith.

**IT IS FURTHER ORDERED** that the Defendant's motion to remand is **DENIED**.

11

Signed: February 1, 2006

*[signature]*

Lacy H. Thornburg
United States District Judge